UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BOTANIC TONICS, LLC,

    Plaintiff,

vs.

                                                                                                     CASE NO. 8:23-cv-01134-SDM-SPF

WESTMAN PRODUCTS, LLC,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, Westman Products, LLC ("Defendant"), by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to the Second Amended Complaint ("Complaint") [D.E. 37] filed by Plaintiff, Botanic Tonics, LLC ("Plaintiff") and states as follows:

**PARTIES**

1.    Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and therefore denies them.

2.    Defendant admits the allegations contained in paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3. Defendant admits that this purports to be an action for trademark infringement and federal and state unfair competition but denies Defendant is liable for any such claims or that Plaintiff is entitled to any relief for such claims.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant does not contest personal jurisdiction.

6. Defendant does not contest venue.

## STANDING

7. Defendant lacks knowledge of information sufficient to form a belief as to the allegation contained in paragraph 7 of the Complaint regarding Plaintiff's ownership of registrations, and therefore denies them. Defendant also denies the allegations in paragraph 7 of the Complaint that "one or more of the federal registrations [were] infringed by Defendant."

## STATEMENT OF FACTS

8. Defendant lacks knowledge of information sufficient to form a belief as to the allegations contained in paragraph 8 of the Complaint, and therefore denies same.

9. Defendant state that the records of the United States Patent and Trademark Office speak for themselves. Defendant lacks knowledge of information sufficient to form a belief as to the remaining allegations contained in paragraph 9 of the Complaint, and therefore denies same.

10. Defendant lacks knowledge of information sufficient to form a belief as to the remaining allegations contained in paragraph 10 of the Complaint, and therefore denies same.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant lacks knowledge of information sufficient to form a belief as to the allegations contained in paragraph 12 of the Complaint, and therefore denies same.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant lacks knowledge of information sufficient to form a belief as to the allegations contained in paragraph 14 of the Complaint, and therefore denies same.

15. Defendant lacks knowledge of information sufficient to form a belief as to the allegations contained in paragraph 15 of the Complaint, and therefore denies same.

16. Defendant lacks knowledge of information sufficient to form a belief as to the allegations contained in paragraph 16 of the Complaint, and therefore denies same.

17. Defendant lacks knowledge of information sufficient to form a belief as to the allegations contained in paragraph 17 of the Complaint, and therefore denies same.

18. Defendant lacks knowledge of information sufficient to form a belief as to the allegations contained in paragraph 18 of the Complaint, and therefore denies same.

19. Defendant admits the allegations contained in paragraph 19 of the Complaint concerning Defendant's website and third-party websites as well as use of the mark "BLISS BOMB," but denies the remaining allegations of paragraph 19 of the Complaint, including any affiliation to Wild Distribution, LLC or Bliss Botanicals, LLC.

20. Defendant admits that the images reproduced in paragraph 20 of Plaintiff's Complaint are examples of Defendant's products but denies the remaining allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Defendant admits that the image reproduced in paragraph 21 of Plaintiff's Complaint is an example of one of Defendant's products but denies the remaining allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendant lacks knowledge of information sufficient to form a belief as to the allegations contained in paragraph 23 of the Complaint, and therefore denies same.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant lacks knowledge of information sufficient to form a belief as to the allegations contained in paragraph 25 of the Complaint, and therefore denies same.

26. Defendant state that the webpages in Exhibit B and C speak for themselves. Defendant denies the remaining allegations contained in paragraph 26 of the Complaint.

27. Defendant denies allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies that "Plant Base Botanical Tonic" is a mark but admits the remaining allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant admits the allegations contained in paragraph 34 of the Complaint but denies that Defendant required Plaintiff to license, authorize, sponsor, endorse, or approve Bliss Bomb.

35. Defendant lacks knowledge of information sufficient to form a belief as to the allegations contained in paragraph 35 of the Complaint, and therefore denies same.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant admits that manufacturers and retailers often advertise and market their products or services on social media platforms, such as, but not limited to Instagram.

40. Defendant admits that it advertises its products on Instagram.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 (a) – (d) of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

53. Defendant repeats and incorporates its responses above to paragraphs 1-38 of the Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in paragraph 59 of the Complaint.

## COUNT II
## FLORIDA COMMON LAW TRADEMARK INFRINGEMENT

60. Defendant repeats and incorporates its responses above to paragraphs 1-38 of the Complaint.

61. Defendant lacks knowledge of information sufficient to form a belief as to the allegations contained in paragraph 61 of the Complaint, and therefore denies same.

62. Defendant denies the allegations contained in paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in paragraph 63 of the Complaint.

64. Defendant admits that Plaintiff is purporting to seek "interest, injunctive relief, and all other relief this Court deems just and proper" but denies that Plaintiff is entitled to same.

## COUNT III
## FEDERAL UNFAIR COMPETITION
## BASED ON TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1125(a))

65. Defendant repeats and incorporates its responses above to paragraphs 1-38 of the Complaint.

66. Defendant denies the allegations contained in paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in paragraph 69 of the Complaint.

70. Defendant denies the allegations contained in paragraph 70 of the Complaint.

71. Defendant denies the allegations contained in paragraph 71 of the Complaint.

## COUNT IV
## FEDERAL UNFAIR COMPETITION
## BASED ON FALSE ADVERTISING
## (15 U.S.C. § 1125(a))

72. Defendant repeats and incorporates its responses above to paragraphs 1-52 of the Complaint.

73. Defendant denies the allegations contained in paragraph 73 of the Complaint.

74. Defendant denies the allegations contained in paragraph 74 of the Complaint.

75. Defendant denies the allegations contained in paragraph 75 of the Complaint.

76. Defendant denies the allegations contained in paragraph 76 of the Complaint.

77. Defendant admits that it markets and sells its products into multiple states, but denies the remaining allegations contained in paragraph 77 of the Complaint.

78. Defendant denies the allegations contained in paragraph 78 of the Complaint.

79. Defendant denies the allegations contained in paragraph 79 of the Complaint.

## COUNT V
## VIOLATION OF FLORIDA DECEPTIVE AND
## UNFAIR TRADE PRACTICES ACT ("FDUTPA")

**(Fla. Stat. § 501.201, et seq.)**

80. Defendant repeats and incorporates its responses above to paragraphs 1-52 of the Complaint.

81. Defendant admits that that Fla. Stat. § 501.201, et seq. speaks for itself.

82. Defendant states that paragraph 82 of the Complaint is a legal question which does not require a response.

83. Defendant states that paragraph 83 of the Complaint is a legal question which does not require a response.

84. Defendant denies the allegations contained in paragraph 84 of the Complaint.

85. Defendant denies the allegations contained in paragraph 85 of the Complaint.

86. Defendant denies the allegations contained in paragraph 86 of the Complaint.

87. Defendant denies the allegations contained in paragraph 87 of the Complaint.

**GENERAL DENIALS**

1. Defendant hereby denies each and every allegation, claim or prayer for relief (including Requests for Relief Nos. 1-8 listed after the heading "Request for Relief" in the Complaint), except as expressly admitted herein.

2. Defendant denies all of the allegations contained in the introductory and WHEREFORE clauses of Plaintiff's Complaint. To the extent the introductory and

WHEREFORE clauses can be suggested to seek relief from the Defendant, Defendant denies that such relief is available.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Defendant's use of the phrase "PLANT BASED BOTANICAL TONIC" constitutes descriptive fair use. Defendant's use of this phrase is intended to describe the contents of its BLISS BOMB product, *i.e.,* that the product is a tonic that contains a botanical ingredient, namely extracts of kava and kratom plants. With regard to the subject product, Defendant's BLISS BOMB mark is also located on those products, such that the Defendant's mark is clearly BLISS BOMB, not the descriptive phrase "PLANT BASED BOTANICAL TONIC." Further, Defendant notes that Plaintiff alleges no facts that plausibly suggest that Defendant acted willfully and/or traded on Plaintiff's goodwill attached to its purported marks. *See Lilly v. Santander Consumer USA, Inc.*, No. 19-61069, 2020 U.S. Dist. LEXIS 272319 (S.D. Fla. Feb. 11, 2020) (citing *3Lions Publishing, Inc. v. Interactive Media Corp.*, 389 F. Supp. 3d 1031 (M.D. Fla. 2019) (finding a fair use defense that is clear from the face of the complaint can serve as grounds for dismissal)).

### **Second Affirmative Defense**

Plaintiff's Complaint is barred, in whole or in part, by the doctrines of estoppel, ratification, and waiver because Plaintiff allowed third parties to use and/or register the terms "BOTANIC," "PLANT," "SOLUTIONS," and/or "TONIC," or variations

thereof, on products in International Classes 5 and 32. *See* e.g., Registration Nos. 3611562 for BOTANIC HEALTH, 4570633 for BOTANIC & Design, 6121767 for GOLDTHREAD PLANT BASED TONICS & Design, 6495634 for INFORMED PLANT BASED & Design, 5941681 for PLANT-BASED GOODNESS & Design, and 6254105 for O.P.M.S. OPTIMIZED PLANT MEDIATED SOLUTIONS.

### Third Affirmative Defense

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of acquiescence because Plaintiff has knowingly allowed third parties to use and/or register the terms "BOTANIC," "PLANT," "SOLUTIONS," and/or "TONIC," or variations thereof, on products in International Classes 5 and 32. *See* e.g., Registration Nos. 3611562 for BOTANIC HEALTH, 4570633 for BOTANIC & Design, 6121767 for GOLDTHREAD PLANT BASED TONICS & Design, 6495634 for INFORMED PLANT BASED & Design, 5941681 for PLANT-BASED GOODNESS & Design, and 6254105 for O.P.M.S. OPTIMIZED PLANT MEDIATED SOLUTIONS.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks statutory standing to assert a false advertising claim under Article III and the Lanham Act. First, Plaintiff has failed to allege a concrete injury falling within the Lanham Act's zone of interests. Second, Plaintiff failed to allege that its injury flowed from the purportedly false advertising.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to state

a claim for relief in Count IV. *See Perales v. Schear Corp.*, No. 09-cv-669-FTM-29DNF, 2010 U.S. Dist. LEXIS 54792, at *2 (M.D. Fla. May 10, 2010) (recognizing failure to state a claim as an affirmative defense under F.R.C.P. 12(b)(6)). First, the alleged statements were not "broadly" and "publicly" disseminated. Second, Plaintiff failed to allege that Defendant made any claims that were literally false and misleading, and the subject Instagram post is non-actionable puffery. Specifically, (a) Defendant never claimed that "Bliss Bomb is the only kava and kratom tonic…"; (b) Plaintiff never alleges how Defendant's claim that Bliss Bomb "tastes good with NO sweeteners" is false; (c) Defendant does not claim that "its product is the only kava and kratom product that contains less than 3 mg of 7- hydroxymitragynine"; (d) Defendant does not claim that "Bliss Bomb is the only kava and kratom tonic that consumers [do] not need to shake before consuming"; and (e) Defendant does not claim that "Bliss Bomb [is] the only product that is made in a facility certified by the American Kratom Association." Third, Plaintiff failed to allege that the purported "misleading" Instagram post deceived consumers. Fourth, Plaintiff did not allege that the Instagram post affected any purchasing decisions. Fifth and finally, Plaintiff failed to allege injury from "declining sales or loss of goodwill."

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to state a claim for relief in Count V for alleged violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). *Id*. First, Plaintiff has not and cannot allege that it

is a "consumer" entitled to protection under FDUTPA. More specifically, Plaintiff failed to allege that it was engaged in any consumer transaction with Defendant involving the purchase of a good or service. Second, Plaintiff failed to allege any sufficient ultimate facts that Plaintiff suffered "actual damages."

Dated: March 13, 2024

                Respectfully submitted,

                /s/ Cleo Suero
                Meredith Frank Mendez
                Florida Bar No. 502235
                mmendez@malloylaw.com
                Jonathan Woodard
                jwoodard@malloylaw.com
                Florida Bar No. 96553
                Cleo Isabel Suero
                Florida Bar No. 1024675
                csuero@malloylaw.com
                **MALLOY & MALLOY, P.L.**
                6751 N. Federal Highway, Suite 300
                Boca Raton, Florida 33487
                (561) 243-1000
                *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed through the Florida Courts E-Filing Portal on March 13, 2024, and, through Florida Courts E-Filing Portal, was automatically served on the parties as follows: Leon N. Patricios, Esq., Zumpano Patricios, P.A., 312 Minorca Ave., Coral Gables, FL 33134,

lpatricios@zplaw.com; Kevin M. Bell, Esq., Matthew D. Zapadka, Esq. and Justin F. Ferraro, Esq., Arnall Golden Gregory LLP, 2100 Pennsylvania Ave. NW, Suite 350S, Washington, DC 20037, kevin.bell@agg.com, matthew.zapadka@agg.com, and justin.ferraro@agg.com, *Counsel for Plaintiff*.

/s/ Cleo Suero